IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SEMAJ WEAVER,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

No. 3:10-cv-06086-HZ

OPINION & ORDER

Rory Linerud
LINERUD LAW FIRM
P.O. Box 1105
Salem, OR 97308

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney

1 - OPINION & ORDER

DISTRICT OF OREGON
1000 SW Third Avenue, Ste 600
Portland, OR 97201

SUMMER STINSON
Special Assistant United States Attorney
OFFICE OF THE GENERAL COUNSEL
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Ste 2900 M/S 221A
Seattle, WA 98104

HERNANDEZ, District Judge:

Now before me is a motion for attorney fees (doc. #33) filed by the attorney for Semaj Weaver ("Plaintiff"). Plaintiff's counsel seeks an award under the Social Security Act, 42 U.S.C. § 406(b) ("§ 406(b)"), for attorney fees in the amount of $18,748.50.[1] For the reasons that follow, Plaintiff's motion is GRANTED in part and DENIED in part.

## STANDARD

Section 406(b) provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The amount awarded is reduced by the amount of attorney fees awarded under the Equal Access to Justice Act ("EAJA"). Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

///

///

---

[1] Plaintiff's counsel originally sought attorney fees of $26,017.57, but conceded that the proper amount to which he was entitled pursuant to § 406(b) was $18,748.50.

2 - OPINION & ORDER

## DISCUSSION

In determining a § 406(b) fee request, the court must start with the amount agreed upon by the claimant and her attorney, evaluating only whether that amount should be reduced for one of three reasons: (1) because "the attorney provided substandard representation," (2) because "the attorney . . . engaged in dilatory conduct in order to increase the accrued amount of past-due benefits," or (3) because "the 'benefits are large in comparison to the amount of time counsel spent on the case.'" Crawford v. Astrue, 586 F.3d 1142, 1148-49 & n.7 (9th Cir. 2009) (en banc) (quoting Gisbrecht, 535 U.S. at 808). Here, the terms of the contingent-fee agreement between Plaintiff and Plaintiff's counsel are within the statutory limits of § 406. In addition, there is no indication that Plaintiff's counsel was either ineffective or dilatory. The benefits are also not so large in comparison to the amount of time counsel spent on the case that a reduction of Plaintiff's fee request is justified.

Pursuant to the factors enunciated in Crawford, there are no grounds for reducing the contingent fee arrangement between Plaintiff and Plaintiff's counsel. Accordingly, Plaintiff is entitled to an award of $18,748.50, which amounts to 25% of Plaintiff's stated retroactive benefits of $74,994.00, less the $4,378.97 in EAJA attorney fees previously awarded by this court.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the motion for attorney fees pursuant to § 406(b) (doc. #33) filed by Plaintiff's counsel is GRANTED in part and DENIED in part. Plaintiff's counsel is to be awarded $18,748.50, less the EAJA attorney fees of $4,378.97, for a net award of $14,369.53 to be paid from Plaintiff's past-due benefits.

IT IS SO ORDERED.

Dated this 28 day of Sept., 2012.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge